## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

DELMOND CORNELL COZART,                )
                                       )
      **Plaintiff,**                    )
                                       )
vs.                                    )       **Case No. CIV-25-117-R**
                                       )
TULSA PUBLIC DEFENDER'S OFFICE,        )
et al.,                                )
                                       )
      **Defendants.**                   )

## <u>ORDER</u>

      Plaintiff, a state prisoner appearing pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983[1] against the Tulsa County Public Defender's Office, Mari Riera, and Adam Hasslegren. According to Plaintiff's allegations, the Defendants are associated with the Tulsa County Public Defender's Officer in Tulsa, Oklahoma and the events underlying his claims occurred in Tulsa, Oklahoma.

      Pursuant to 28 U.S.C. § 1391(b), the proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." A district court may consider "venue sua sponte only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotation omitted). Here, it is clear from

---

[1] Plaintiff's Complaint identifies his claim as brought pursuant to 42 U.S.C. § 1983 and his pleading states that his lawsuit is not an attack on his conviction and sentence.

the face of the Complaint that venue is improper because Plaintiff has not identified any defendant as residing within the Western District of Oklahoma and no events are alleged to have occurred in the Western District of Oklahoma.

When a case is filed in the wrong venue, the court may, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff could have brought his action in the Northern District of Oklahoma, which encompasses Tulsa, and a transfer to that district would enhance the convenience of the parties and witnesses. Further, the Court takes judicial notice of the fact that another case filed by Plaintiff in this district that appears to involve related issues was recently transferred to the Northern District of Oklahoma. *See Cozart v. Tulsa District Court*, CIV-25-90 (W.D. Okla.). Accordingly, transferring this action would serve the interests of justice.

The Court therefore finds that this action should be transferred to the United States District Court for the Northern District of Oklahoma. The Clerk of Court is directed to transfer this matter for further proceedings.

IT IS SO ORDERED this 21st day of February, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE